N. H. Kelley v. Commissioner. Bernice M. Kelley v. Commissioner. Clyde D. Farquhar v. Commissioner. Gladys Farquhar v. Commissioner.
N. H. Kelley v. Commissioner
Docket Nos. 22356, 22357, 22360, 22361.
United States Tax Court
1951 Tax Ct. Memo LEXIS 325; 10 T.C.M. (CCH) 143; T.C.M. (RIA) 51043; February 13, 1951
*325 Robert M. Young, Esq., for the petitioners. John D. Picco, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined deficiencies in income tax for the calendar year 1944 in the following amounts: Docket
No.
Petitioner
Deficiency
22356
N. H. Kelley
$28,684.18
22357
Bernice M. Kelley
6,116.88
22360
Clyde D. Farquhar
16,181.79
22361
Gladys Farquhar
16,181.79
The questions presented are: (1) Where petitioners N. H. Kelley and Clyde D. Farquhar, only shareholders of a corporation, failed to file written elections required under section 112 (b) (7), Internal Revenue Code, within 30 days after the adoption of a plan of liquidation by the corporation, are petitioners entitled to the benefits of that section in the recognition of gain on the liquidation? (2) Did petitioners realize taxable gain under section 115 (c) of the Code on the distribution in complete liquidation of the assets of the corporation? The proceedings were consolidated for hearing. A portion of the facts have been stipulated and are so found. Findings of Fact Petitioners N. H. Kelley *326 and Bernice M. Kelley, and Clyde D. Farquhar and Gladys Farquhar, are now and at all times during the pendency of these proceedings were husband and wife, respectively, residing at Tacoma, Washington. Petitioners were on a cash receipts and disbursements basis and filed individual income tax returns for the calendar year 1944 with the collector of internal revenue for the district of Washington. The income reported on their returns was community income divisible in accordance with Washington community property law. Baker, Kelley and MacLaughlin, Inc., was a California corporation organized in 1923, with an authorized capital stock of $10,000. Prior to its dissolution, in December, 1944, it had outstanding 100 shares of stock of a par value of $10,000, or $100 each. Half of these shares were owned by petitioner N. H. Kelley, and the other half were owned by petitioner Clyde D. Farquhar. Kelley, Farquhar and Company is an Oregon corporation, organized in 1928, with an authorized capital stock of 100 shares, par value $100 each. Petitioners N. H. Kelley and Clyde D. Farquhar each owned 2 shares of the stock of Kelley, Farquhar and Company. The remaining 96 shares of stock of Kelley, *327 Farquhar and Company were subscribed and paid for in cash by Baker, Kelley and MacLaughlin, Inc.
Baker, Kelley and MacLaughlin, Inc., and Kelley, Farquhar and Company were both operating companies engaged in the frozen food processing business until April 30, 1939, when Baker, Kelley and MacLaughlin, Inc., ceased its activities as an operating company and confined its business activity to owning and holding all of the outstanding stock of Kelley, Farquhar and Company, excepting the shares belonging to N. H. Kelley and Clyde D. Farquhar. Thereafter, Kelley, Farquhar and Company continued in the frozen food processing business as the operating subsidiary of Baker, Kelley and MacLaughlin, Inc. These companies elected to file consolidated income tax returns after April 30, 1939, and did file consolidated returns until the date of dissolution of Baker, Kelley and MacLaughlin, Inc., on December 29, 1944. On December 29, 1944, Baker, Kelley and MacLaughlin, Inc., owned the following assets: Accounts receivable - Kelley, Farquhar
and Co.
$59,902.36
Stock - Kelley, Farquhar and Co.
(cost)
10,000.00
Total assets
$69,902.36 On the same date the book value of the Kelley, *328 Farquhar and Company stock was $3,012.45 per share. An analysis of the income and earnings of that company for the fiscal years ended April 30, 1941, to April 30, 1945, inclusive, disclosed the following: % of profit
Fiscal year
Net income
Net
after taxes
ended
after taxes
investment
to investment
4/30/41
$30,676.67
$126,640.14
24.22%
4/30/42
46,344.89
171,651.10
27.00%
4/30/43
23,271.77
195,014.22
11.93%
4/30/44
91,572.88
285,878.92
32.03%
4/30/45
83,122.82
309,269.10
26.88%
On December 29, 1944, the stockholders of Baker, Kelley and MacLaughlin, Inc., adopted a resolution of complete liquidation providing for a distribution in complete concellation or redemption of all the stock of Baker, Kelley and MacLaughlin, Inc., and for the transfer of all its property under the liquidation, entirely within the month of December, 1944. On December 29, 1944, the company was liquidated, and its property distributed to and received by the stockholders, N. H. Kelley and Clyde D. Farquhar, to-wit, accounts receivable owing by Kelley, Farquhar and Company in the amount of $59,902.36 and 100 shares of Kelley, Farquhar and Company stock possessing *329 on December 29, 1944, a book value of $3,012.45 per share, or a total book value of $301,244.65. N. H. Kelley and Clyde D. Farquhar each paid $5,000, or a total of $10,000, for the stock of Baker, Kelley and MacLaughlin, Inc., and this was the basis to them of the stock. The value of the property, distributed in complete liquidation of Baker, Kelley and MacLaughlin, Inc., and received by petitioners N. H. Kelley and Clyde D. Farquhar on December 29, 1944, was $361,147.01, broken down as follows: Accounts receivable - Kelley, Far-
quhar and Co. (face value)
$ 59,902.36
Stock - Kelley, Farquhar and Co.
(book value)
301,244.65
Value of assets
$361,147.01 Respondent accepted the amount of $361,147.01 as representing the fair market value of the assets distributed in liquidation of Baker, Kelley and MacLaughlin, Inc.
N. H. Kelley and Clyde D. Farquhar executed form 964, "Election of Shareholder under Section 112 (b) (7) of the Internal Revenue Code," and form 966, "Return of Information Covering the Adoption of a Resolution in Complete Liquidation", reporting gain from the liquidation as follows: Stock of Kelley, Farquhar and Co.
(Cost per books of Baker, Kelley
and MacLaughlin)
$ 5,000.00
Accounts receivable - Kelley, Farquhar
and Co.
29,951.18
Total
$34,951.18
Less portion attributable to earnings
and profits
6,849.76
Balance received in liquidation of
Capital
$28,101.42
*330 The $6,849.76 treated as a taxable dividend was reported by both N. H. Kelley and Clyde D. Farquhar as community income. The above-mentioned forms 964 and 966 were prepared by Racine & Knight, certified public accountants, and presented and submitted to Metzger, Blair, Gardner & Boldt, attorneys for the petitioners, on January 6, 1945. The forms were returned to Racine & Knight on January 10, 1945, with the approval of these attorneys, and thereupon copied and proof-read by Racine & Knight. The forms were delivered to petitioners on January 23, 1945, and signed and notarized by them and returned to Racine & Knight on January 24, 1945. Such matters were handled by Racine & Knight's office manager, who became ill on January 23, 1945. The forms were discovered on the desk of the office manager by other employees of Racine & Knight on January 29, 1945, and forthwith, on that date, were mailed by these employees to the Commissioner of Internal Revenue, Washington D. C. The forms were not received by the Commissioner until February 5, 1945. On November 2, 1945, the following letter from the respondent was received by Racine & Knight: "TREASURY DEPARTMENT "Washington 25 October 26, 1945 *331 "IT:R:B:Sec GWB Baker, Kelley and MacLaughlin, Inc., Port of Tacoma
Tacoma, Washington
Gentlemen: In connection with the distributions made by your corporation in liquidation and the review of the income tax returns of shareholders claiming the benefits of Section 112 (b) (7) of the Internal Revenue Code, it is requested that a statement be furnished, duly verified under oath, showing: (1) As of March 1, 1913, or at date of organization, if organized subsequent thereto (a) Earned surplus, (b) Paid-in surplus, (c) Surplus from revaluation of assets, (d) Par value and number of shares of each class of stock outstanding. (2) Net earnings of your corporation for each subsequent year to the close of the month of distribution of the assets. (3) Date each dividend was payable, rate and amount of the dividend, class of stock on which paid, and medium of payment. If paid other than in cash, describe fully. In general, the earnings available for the payment of dividends in any particular year is the taxable net income for income tax purposes plus the nontaxable income such as interest on municipal bonds reduced by unallowable deductions such as Federal *332 income and excess profits taxes (italics supplied). Losses of other years availed of for income tax purposes should be eliminated. If your corporation was the successor to all or part of the business of another corporation, furnish the name and address of the other corporation. Very truly yours, Norman D. Cann Deputy Commissioner By R. S. Gayton [Signed] Head of Division M-221" On November 20, 1945, Racine & Knight wrote to the respondent advising him that Baker, Kelley and MacLaughlin, Inc., had at the date of dissolution an authorized capital stock of $10,000, paid-in surplus of $46,202.83 and earned surplus of $13,699.53. Opinion Petitioners seek the benefits of section 112 (b) (7), but they have failed to qualify thereunder. Section 112 (b) (7) extends its relief only to qualified electing shareholders. It defines a "qualified electing shareholder" as one "whose written election to have the benefits of subparagraph (A) has been made and filed in accordance with subparagraph (D)". Subparagraph (D) provides: "The filing must be within thirty days after the adoption of the plan of liquidation * * *". Here, as the facts show, the two shareholders of Baker, Kelley *333 and MacLaughlin, Inc., who were petitioners N. H. Kelley and Clyde D. Farquhar, adopted a plan of liquidation on December 29, 1944, and the company was liquidated, the assets distributed on the same day. Forms 964, "Election of Shareholder under Section 112 (b) (7) of the Internal Revenue Code" were not mailed by petitioners until January 29, 1945, a period of 31 days after the adoption of the plan of liquidation. Petitioners urge that the failure to make timely elections as required by statute was "due to failure of an accounting firm rightfully relied upon by the taxpayer" and not to a "willful or negligent oversight of the taxpayer". This appears to be the fact, but it is a fact which is immaterial to the issue here. The language of section 112 (b) (7) is plain and unequivocal and neither requires nor permits consideration of the absence of willfulness or negligence. Cases cited by petitioners, Carnie-Goudie Manufacturing Co., 18 B.T.A. 893, and Bouvelt Realty, Inc., 46 B.T.A. 45, dealing with the delinquency penalty statute, under which the question of "willful neglect" must be considered, are accordingly not in point. Here we *334 are dealing, not with a penalty, but with an election, the election being a choice between sections 115 (c) and 112 (b) (7). By failing to file within the statutory 30 days elections to have their taxes computed under section 112 (b) (7), petitioners have made a binding election to have such taxes computed under section 115 (c), if applicable. See Estate of Lewis B. Meyer, 15 T.C. 850 (promulgated December 13, 1950), and cases cited therein. But petitioners contend that respondent's letter dated October 26, 1945, which requests further information concerning the liquidation and makes no mention of untimely filing of the elections under section 112 (b) (7), estops respondent from now contending that the filings were untimely. We do not agree. The mere request for further information concerning the liquidation is certainly not proof that respondent accepted the elections as filed by petitioners. Such request was clearly not the cause of the tardy filing, nor have petitioners shown that the request caused any detriment to them. Nor, for that matter, would it make any difference if the request could be regarded as a waiver by respondent of the filing provisions of the statute. *335 No officer of the Government can waive or nullify statutes of the United States. J. E. Riley Inv. Co. v. Commissioner, 311 U.S. 55; Schafer v. Helvering, (C.A.D.C., 1936), 83 Fed. (2d) 317, affd., 299 U.S. 171; Barnett Inv. Co. v. Nee, 72 Fed. Supp. 81; Stewart v. United States, 24 Fed Supp. 145; reversed on other grounds, (C.A., 9th Cir., 1939), 106 Fed. (2d) 405, reversed, 311 U.S. 60. Nor can this Court. In the words of the Supreme Court in connection with another statute in J. E. Riley Inv. Co. v. Commissioner, supra, "To extend the time beyond the limits prescribed in the Act is a legislative not a judicial function". Nor did respondent err in determining that the liquidation of Baker, Kelley and MacLaughlin, Inc., which failed to qualify under section 112 (b) (7), constituted a taxable transaction, and that the distribution in complete liquidation was taxable as a dividend under section 115 (c). Though petitioner did not raise this issue on brief, at the hearing counsel for petitioners stated: "* * * it is our contention that there is no taxable gain in the dissolution, *336 in view of the fact that Baker, Kelley and MacLaughlin was a dormant corporation, and the individual taxpayers received nothing other than what they already had received prior to the dissolution of these companies." Petitioners do not contest respondent's valuation of $361,147.01 as representing the fair market value of the assets distributed in liquidation. Moreover, in law and in fact, it can not be disputed that prior to the liquidation the petitioners, N. H. Kelley and Clyde D. Farquhar held stock in Baker, Kelley and MacLaughlin, Inc., whereas after the liquidation they held certain accounts receivable and stock in Kelley, Farquhar and Company, a different organization entirely, which assets had a value of $361,147.01. At no point in these proceedings do petitioners contend that the corporate entity of Baker, Kelley and MacLaughlin, Inc., preserved by petitioners for business purposes for some 21 years, is a sham or unreal. Accordingly, petitioners' gain on the liquidation of that corporation must be recognized. Decisions will be entered for the respondent.