VIRGINIA E. RAGEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64665. Filed January 25, 1960.

*A. F. Barone, Esq.*, for the petitioner.
*Robert O. Rogers, Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* The respondent determined a deficiency of $11,731.30 in income tax for the calendar year 1952. The sole issue for decision is whether the petitioner is entitled to the benefits provided by section 112(b)(7) of the Internal Revenue Code of 1939 as to recognition of gain upon the liquidation of a corporation. The facts are found as stipulated. The petitioner's return for 1952 was filed with the director of internal revenue at Chicago, Illinois.

In November 1952 the petitioner and Patricia Brophy were each an owner of one-half of the common stock of Peninsular Development and Construction Company, Inc., a Florida corporation. On November 25, 1952, the stockholders of Peninsular adopted a resolution of complete liquidation providing for a distribution in complete cancellation and redemption of all its stock and for the transfer of all its property under the liquidation entirely within the month of December 1952.

The value of the property distributed in complete liquidation of Peninsular during December 1952 and received by the petitioner was $68,373.90.

The petitioner's adjusted basis for determining gain or loss from sale or other disposition of her stock in Peninsular was $10,483.61.

The petitioner and Patricia Brophy each executed a Form 964, "Election of Shareholder under section 112(b)(7) of the Internal Revenue Code." The petitioner mailed the "Election of Shareholder" executed by her. This was received by the Bureau of Internal Revenue on January 2, 1953. The form signed by Patricia Brophy was not filed with the Commissioner of Internal Revenue, by mailing or otherwise, within 30 days after the adoption of the plan of liquidation.

Both the petitioner and Patricia Brophy executed amended Forms 964, which were received at the Bureau of Internal Revenue on January 30, 1953.

In her individual income tax return for the calendar year 1952, the petitioner reported the amount of $3,759.49 as a taxable dividend received on the dissolution of Peninsular, which amount constituted her ratable share of the earnings and profits of Peninsular accumulated after February 28, 1913, as of December 31, 1952. She did not recognize in such return any further part of the gain realized on dissolution.

The Commissioner determined that petitioner was precluded from making a valid election under section 112(b)(7).

The petitioner contends that she filed a timely election pursuant to

section 112(b)(7) [1] to have gain on the liquidation of Peninsular taxed in accordance with that statute. She asserts that she filed her election as required under that provision within 30 days after the adoption of the plan of liquidation. The respondent disputes this, stating that the election mailed by the petitioner was not received at the Bureau of Internal Revenue in Washington, D.C., until January 2, 1953. It is stipulated that the petitioner would testify that she mailed the election on December 25, 1952, which is the 30th day after the adoption of the plan of liquidation. The applicable regulation, sec. 39.112(b)(7)–3, Regs. 118, provides that an election shall be considered as timely filed if it is placed in the mail on or before midnight of the 30th day, as shown by the postmark on the envelope or by other available evidence.

We find it unnecessary to decide whether the petitioner's election was timely filed, since we think the statute plainly indicates that its benefits are not available to any shareholder unless timely elections are filed by the holders of at least 80 per cent of the stock of the liquidating corporation. It is stipulated that the other stockholder, owner of 50 per cent of the stock, did not file an election within the

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.
  (b) EXCHANGES SOLELY IN KIND.—

    \*        \*        \*        \*        \*        \*

    (7) ELECTION AS TO RECOGNITION OF GAIN IN CERTAIN CORPORATE LIQUIDATIONS.—
      (A) General Rule.—In the case of property distributed in complete liquidation of a domestic corporation, if—
        (i) the liquidation is made in pursuance of a plan of liquidation adopted after December 31, 1950, whether the taxable year of the corporation began on, before, or after January 1, 1951; and
        (ii) the distribution is in complete cancellation or redemption of all the stock, and the transfer of all the property under the liquidation occurs within some one calendar month in 1951, 1952, or 1953—
    then in the case of each qualified electing shareholder (as defined in subparagraph (C)) gain upon the shares owned by him at the time of the adoption of the plan of liquidation shall be recognized only to the extent provided in subparagraphs (E) and (F).

    \*        \*        \*        \*        \*        \*        \*

      (C) Qualified Electing Shareholders.—The term "qualified electing shareholder" means a shareholder (other than an excluded corporation) of any class of stock (whether or not entitled to vote on the adoption of the plan of liquidation) who is a shareholder at the time of the adoption of such plan, and whose written election to have the benefits of subparagraph (A) has been made and filed in accordance with subparagraph (D), but—
        (i) *in the case of a shareholder other than a corporation, only if written elections have been so filed by shareholders* (other than corporations) *who at the time of the adoption of the plan of liquidation are owners of stock possessing at least 80 per centum of the total combined voting power* (exclusive of voting power possessed by stock owned by corporations) *of all classes of stock entitled to vote on the adoption of such plan of liquidation;* \* \* \* [Emphasis supplied.]

    \*        \*        \*        \*        \*        \*        \*

      (D) Making and Filing of Elections.—The written elections referred to in subparagraph (C) must be made and filed in such manner as to be not in contravention of regulations prescribed by the Commissioner with the approval of the Secretary. The filing must be within thirty days after the adoption of the plan of liquidation, and may be by the liquidating corporation or by the shareholder.

statutory time. Therefore the filing of the petitioner's election, representing only 50 per cent of the stock, even if timely, does not entitle her to the benefit of the section.

*Decision will be entered for the respondent.*