Ralph D. Lambert and Margot Lambert, et al. [1] v. Commissioner. Lambert v. Commissioner
Docket Nos. 2071-62, 2080-62, 2081-62.
United States Tax Court
T.C. Memo 1963-296; 1963 Tax Ct. Memo LEXIS 50; 22 T.C.M. (CCH) 1510; T.C.M. (RIA) 63296; October 29, 1963
Jason W. Semel, 30 E. 40th St., New York, N. Y., for the petitioners. Arthur Pelikow, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The respondent determined deficiencies in the petitioners' income taxes for the taxable year 1959 as follows: Docket No.
Petitioner
Amount
2071-62
Ralph D. Lambert and
Margot Lambert
$5,933.59
2080-62
Ernest J. Henley and
Barbara M. Henley
5,735.18
2081-62
Martha Henley
22,781.17
The only issue remaining for decision is whether the petitioners are entitled to the benefits of section 333 of the Internal Revenue Code *51 of 1954[2] as to recognition of gain on the liquidation of a corporation. Findings of Fact Some of the facts are stipulated and are found as stipulated. Petitioners Ralph and Margot Lambert are husband and wife. They filed their joint Federal income tax return for the calendar year 1959 with the district director of internal revenue, Newark, New Jersey. Petitioners Ernest and Barbara Henley are husband and wife. They filed their joint Federal income tax return for the calendar year 1959 with the district director of internal revenue, New York, New York. Petitioner Martha Henley filed her individual Federal income tax return for the calendar year 1959 with the district director of internal revenue, Newark, New Jersey. The Berkeley Investment Company was organized as a New Jersey corporation on November 23, 1936, for the purpose of owning and operating an apartment building located at 210-214 Franklin Street, Bloomfield, New Jersey. This building was owned and operated by the corporation until it was liquidated on January 2, 1959. At the time of the liquidation, the *52 stock of the Berkeley Investment Company was owned as follows: Martha Henley
60%
Margot Lambert
20%
Ernest Henley
20%
A special meeting of the board of directors of Berkeley was held on January 2, 1959, for the purpose of considering the liquidation of the corporation. Martha Henley, Margot Lambert and Ernest Henley attended the meeting in their status as directors. They were all of the directors of the corporation. At this meeting the following resolutions were unanimously adopted: 1. That it is advisable and most for the benefit of Berkeley Investment Company that the same be forthwith dissolved and to that end a meeting of the stockholders be held on the second day of January, 1959 at 2 o'clock in the afternoon - to effect a plan of complete liquidation and dissolution pursuant to Section 333 of the Internal Revenue Code. 2. That it is advisable and most for the benefit of this corporation that the same be dissolved as of the date of adoption of this resolution by the stockholders and that such dissolution be effected in accordance with Section 333 of the Internal Revenue Code of 1954 and the regulations promulgated *53 thereunder. 3. That the plan of liquidation submitted by the President hereinabove referred to be adopted. 4. That the assets of this Corporation, both tangible and intangible, except for a proportionate amount of cash which may be retained by the Corporation under arrangements for the payment of unascertained or contingent liabilities, be distributed pro rata to and among the Stockholders of the Corporation in complete cancellation and redemption of all of the capital stock issued by this Corporation. 5. That after these Resolutions are adopted by the Stockholders, a Certificate of Dissolution be prepared under the hand and seal of this Corporation and filed forthwith with the Secretary of State of New Jersey. 6. That upon the dissolution of this Corporation, the Directors of this Corporation as trustees in dissolution, convey and distribute all assets of this Corporation, tangible and intangible, except for a reasonable amount of cash which may be retained by the Corporation under arrangements for the payment of unascertained and contingent liabilities and expenses of the Corporation, to and among the Stockholders of this Corporation, and complete cancellation and redemption *54 of the capital stock of this Corporation to such Stockholders in the proportion of their stockholdings therein, and that such capital stock be cancelled of record. 7. That officers of this Corporation file all returns necessary with the Internal Revenue Department, and that all necessary reserves be established to effectuate this dissolution and made distribution as aforesaid. 8. That with the adoption of these Resolutions by the Stockholders, a status of liquidation shall exist and the activities of this Corporation shall be limited to those for the purpose of winding up its affairs, paying its debts, and distributing all assets remaining to its Stockholders in the proportion of their stockholdings in this Corporation. 9. That within 30 days after adoption of these resolutions by the stockholders the stockholders of this corporation shall file written elections in accordance with Section 333 of the Internal Revenue Code of 1954 and the regulations promulgated thereunder with the District Director of Internal Revenue, with whom the final income tax return of the corporation shall be filed. On the same day a special meeting of the stockholders was held. *55 It was attended by all of the stockholders, the same people who constituted the board of directors. The stockholders affirmed the resolutions adopted by the directors. The shareholders did not file Form 964, "Election of Shareholder under Section 333 of the Internal Revenue Code of 1954", or any other form or notice by which they purported to exercise the election referred to in section 333(c) of the Code. The corporation did file Form 966, "Return of Information Under Section 6043 of the Internal Revenue Code of 1954 to Be Filed by Corporations Within 30 Days After Adoption of Resolution or Plan of Dissolution, or Complete or Partial Liquidation." This form was signed by Martha Henley as president of the corporation. Attached to this form were copies of the resolutions of the stockholders and the board of directors. The copy of the minutes of the board of directors was signed by Margot S. Lambert as secretary, and Ernest J. Henley, and approved by Martha Henley. The copy of the minutes of the stockholders was signed by Margot S. Lambert as secretary and approved by Martha Henley and Ernest J. Henley. The Berkeley Investment Company *56 was dissolved in accordance with the resolutions passed by its board of directors and all of its assets and liabilities were transferred to a partnership comprising all of the former stockholders. This partnership was also named the Berkeley Investment Company. Petitioners Ralph and Margot Lambert reported $1,341.88 in dividend income as their ratable share of the earnings and profits of the liquidated corporation, in accordance with section 333. Petitioners Ernest and Barbara Henley reported $1,341.88 in dividend income as their ratable share of the earnings and profits of the liquidated corporation, in accordance with section 333. Petitioner Martha Henley reported $4,025.64 in dividend income as her ratable share of the profits of the liquidated corporation, in accordance with section 333. The respondent, determining that the petitioners were not entitled to the benefits of section 333, deleted from their income the amount of ordinary income reported pursuant to that section and increased their income by the difference between the fair market value of the property received by each petitioner and the basis of his stock. This income was treated by the respondent as capital gain *57 received pursuant to section 331. Opinion The respondent contends that the petitioners are not entitled to the benefits of section 333 of the Code with respect to the liquidation of the Berkeley corporation because they failed to make the election required by section 333(c). We agree with the respondent. Section 333 may be applicable to certain corporate liquidations and, where applicable, limits the amount of gain to be recognized by "qualified electing shareholders." Section 333(c) defines a qualified electing shareholder as follows: (c) Qualified Electing Shareholders. - For purposes of this section, the term "qualified electing shareholder" means a shareholder (other than an excluded corporation) of any class of stock (whether or not entitled to vote on the adoption of the plan of liquidation) who is a shareholder at the time of the adoption of such plan, and whose written election to have the benefits of subsection (a) has been made and filed in accordance with subsection (d), but - (1) in the case of shareholder other than a corporation, only if written elections have been so filed by shareholders (other than corporations) who at the time of the adoption of the plan *58 of liquidation are owners of stock possessing at least 80 percent of the total combined voting power (exclusive of voting power posessed by stock owned by corporations) of all classes of stock entitled to vote on the adoption of such plan of liquidation; or (2) in the case of a shareholder which is a corporation, only if written elections have been so filed by corporate shareholders (other than an excluded corporation) which at the time of the adoption of such plan of liquidation are owners of stock possessing at least 80 percent of the total combined voting power (exclusive of voting power possessed by stock owned by an excluded corporation and by shareholders who are not corporations) of all classes of stock entitled to vote on the adoption of such plan of liquidation. Section 333(d) relates to making of the elections referred to in section 333(c) and provides: (d) Making and Filing of Elections. - The written elections referred to in subsection (c) must be made and filed in such manner as to be not in contravention of regulations prescribed by the Secretary or his delegate. The filing must be within 30 days after the date of the adoption of the plan of liquidation. This *59 Court, in applying section 112(b)(7) of the Internal Revenue Code of 1939, the predecessor of section 333 of the 1954 Code, held that the provision was inapplicable unless elections by the shareholders were made in accordance with the terms of the statute. Virginia E. Ragen, 33 T.C. 706 (1960). The petitioners, however, contend that they have substantially complied with the election requirements of section 333 by reason of the notice of the liquidation plan sent by the corporation to the district director of internal revenue. We do not think this is so. This notice was sent on behalf of the corporation and not on behalf of any of the shareholders. Furthermore, the notice sent did not purport to be an election concerning the manner in which any particular shareholder would treat gain realized on the liquidation of the corporation. Therefore, since none of the shareholders filed anything purporting to be an election under section 333, and since the corporate notice cannot be said to constitute a proper election on the part of the shareholders, we hold for the respondent. In order to take account of a stipulation of the value of the property received by the petitioners *60 from the corporation, Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Ernest J. Henley and Barbara M. Henley, Docket No. 2080-62; and Martha Henley, Docket No. 2081-62.↩
2. Unless otherwise indicated, all section references will be to the Internal Revenue Code of 1954.↩