LEE R. DUNAVANT AND DORIS DUNAVANT, ET AL.,[1]
PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket Nos. 4562-73—4564-73.     Filed December 12, 1974.

*Edward M. Bensussen,* for the petitioners.
*Matthew W. Stanley,* for the respondent.

## OPINION

DAWSON, *Judge:* Respondent determined deficiencies in the petitioners' Federal income taxes for the year 1969, as follows:

| Petitioners | Deficiency |
| --- | --- |
| Lee R. Dunavant and Doris Dunavant | $93,021.70 |
| Herman H. Gorlick and Diane Gorlick | 43,247.00 |
| Morris Gorelick and Evelyn Gorelick | 43,247.90 |

The only issue for decision is whether petitioners are qualified electing shareholders entitled to the benefits of section 333 [2] with respect to the gain realized on the liquidation of their controlled corporation. These cases were submitted on a meager but fully stipulated set of facts. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Petitioners are all individuals who resided in the State of Washington at the time the petitions were filed. Their 1969 Federal income tax returns were filed with the Western Service Center, Ogden, Utah.

During 1969 Lee R. Dunavant, Herman H. Gorlick, and Morris Gorelick were the sole officers, directors, and shareholders of D &

---

[1] Cases of the following petitioners are consolidated herewith: Herman H. Gorlick and Diane Gorlick, docket No. 4563-73; and Morris Gorelick and Evelyn Gorelick, docket No. 4564-73.

[2] Unless otherwise indicated, statutory references are to the Internal Revenue Code of 1954.

G, Inc., a Washington corporation incorporated on May 24, 1956. On November 28, 1969, a meeting of the board of directors was held, the minutes of which read as follows:

A special meeting of the Board of Directors was called to order by the President for the specific purpose of discussing whether or not said corporation should be dissolved and liquidated within 30 days pursuant to the Internal Revenue Code, Section 333.

It was moved, seconded and carried that the Board of Directors recommend to the Stockholders of the corporation that said corporation be dissolved, and it was further resolved that said question of dissolution be voted upon at a meeting of the Shareholders which meeting is to be called immediately.

There being no further business, the meeting adjourned.

(S) H. H. Gorlick<br>H. H. Gorlick, Secretary

ATTEST:

(S) Lee R. Dunavant
Lee R. Dunavant, President
DATED: November 28, 1969.

A special meeting of the stockholders of D & G, Inc., was held on the same date, at which the following action was recorded:

A special meeting of the Stockholders of D & G., INC. was called to order by the President. All Stockholders were present and waived notice of the meeting, and further certified that they had notice of said meeting being called for the specific purpose of discussing the resolution of the Directors to dissolve said corporation.

It was moved, seconded and carried, that the corporation be dissolved and liquidated within one (1) calendar month, and that the officers be authorized to execute the necessary Statement of Intent to Dissolve and the necessary Treasury Department and/or Internal Revenue Service forms.

There being no further business, the meeting was adjourned.

(S) H. H. Gorlick<br>Secretary

ATTEST:

(S) Lee R. Dunavant
President
DATED: 11/28/69

APPROVED:
(S) Lee R. Dunavant
(S) H. H. Gorlick
(S) Morris Gorelick
STOCKHOLDERS

On December 4, 1969, D & G filed its Statement of Intent to Dissolve with the Washington secretary of state. This statement listed the present corporate officers, directors, and shareholders, as well as the number of shares held by each from the inception of the corporation. On December 8 the corporation mailed Internal Revenue Form 966 to report the corporate liquidation with copies of the minutes of the stockholders meeting and the Statement of Intent to Dissolve attached, to the office of the Commissioner of Internal Revenue in Tacoma, Wash. Petitioners have never filed Form 964, Election of Shareholder under Section 333 Liquidation. On December 21, 1969, the corporation completely liquidated, transferring assets with a value of $650,000 in exchange for all of its outstanding stock.

Pertinent provisions of the statute and regulations are set out in the margin.[3] It is stipulated that petitioners did not file Form

---

[3] SEC. 333. ELECTION AS TO RECOGNITION OF GAIN IN CERTAIN LIQUIDATIONS.

(a) GENERAL RULE.—In the case of property distributed in complete liquidation of a domestic corporation * * *, if—

(1) the liquidation is made in pursuance of a plan of liquidation adopted on or after June 22, 1954, and

(2) the distribution is in complete cancellation or redemption of all the stock, and the transfer of all the property under the liquidation occurs within some one calendar month,

then in the case of each qualified electing shareholder (as defined in subsection (c)) gain on the shares owned by him at the time of the adoption of the plan of liquidation shall be recognized only to the extent provided in subsections (e) and (f).

* * *

(c) QUALIFIED ELECTING SHAREHOLDERS.—For purposes of this section, the term "qualified electing shareholder" means a shareholder * * * of any class of stock (whether or not entitled to vote on the adoption of the plan of liquidation) who is a shareholder at the time of the adoption of such plan, and whose written election to have the benefits of subsection (a) has been made and filed in accordance with subsection (d), but—

(1) in the case of a shareholder other than a corporation, only if written elections have been so filed by shareholders (other than corporations) who at the time of the adoption of the plan of liquidation are owners of stock possessing at least 80 percent of the total combined voting power (exclusive of voting power possessed by stock owned by corporations) of all classes of stock entitled to vote on the adoption of such plan of liquidation;

* * *

* * *

(d) MAKING AND FILING OF ELECTIONS.—The written elections referred to in subsection (c) must be made and filed in such manner as to be not in contravention of regulations prescribed by the Secretary or his delegate. The filing must be within 30 days after the date of the adoption of the plan of liquidation.

Sec. 1.333-2 Qualified electing shareholder.

(b) Any shareholder * * *, whether or not the stock he owns is entitled to vote on the adoption of the plan of liquidation, is a qualified electing shareholder if:

(1) His written election to be governed by the provisions of section 333, which cannot be withdrawn or revoked * * *, has been made and filed as prescribed in §1.333-3; and

(2) Like elections have been made and filed by owners of stock possessing at least 80 percent of the total combined voting power of all classes of stock owned by shareholders

964, and hence that they failed to comply with the letter of the regulations. They argue, however, that because the Form 966 with attachments provided respondent with the same information required by Form 964, they are in substantial compliance with the statute and therefore entitled to its benefits. Respondent, on the other hand, insists that strict adherence to the regulations is required. On the facts of this case, we agree with respondent.

Petitioners are confronted with a singular obstacle in that this Court, while on occasion requiring relaxation of strict procedural requirements with regard to taxpayer elections permitted by the Code,[4] has never applied section 333 or its predecessor[5] in the absence of a timely Form 964 filing. *Virginia E. Ragen,* 33 T.C. 706 (1960).[6] This seeming divergence is not due to inconsistency or a shift in emphasis on our part, but rather to the specific requirements of section 333.

The test for determining whether the substantial compliance doctrine may be used in connection with a particular regulation has been variously expressed. For present purposes it suffices to say that requirements must be rigidly observed when they relate "to the substance or essence of the statute," *Fred J. Sperapani,* 42

of the same group at the time of, and entitled to vote upon, the adoption of the plan of liquidation, whether or not the shareholders making such elections actually realize gain upon the cancellation or redemption of such stock upon the liquidation.
* * *
Sec. 1.333-3 Making and filing of written elections.
An election to be governed by section 333 shall be made on Form 964 (revised) in accordance with the instructions printed thereon and with this section. The original and one copy shall be filed by the shareholder with the district director with whom the final income tax return of the corporation will be filed. The elections must be filed within 30 days after the adoption of the plan of liquidation.
Under no circumstances shall section 333 be applicable to any shareholders who fail to file their elections within the 30-day period prescribed. * * * Another copy of the election shall be attached to and made a part of the shareholder's income tax return for his taxable year in which the transfer of all the property under the liquidation occurs.

[4] E.g., *Columbia Iron & Metal Co.,* 61 T.C. 5 (1973) (sec. 170(a)(2)); *Albert L. Dougherty,* 60 T.C. 917, 938-942 (1973), supplemental opinion 61 T.C. 719 (1974) (sec. 962); *Fred J. Sperapani,* 42 T.C. 308 (1964) (sec. 1361).

[5] Sec. 112(b)(7), I.R.C. 1939.

[6] See *Ralph D. Lambert,* T.C.Memo. 1963-296, affd. 338 F.2d 4 (C.A. 2, 1964); *N. H. Kelley,* 10 T.C.M. 143 (1951). *Posey v. United States,* 449 F.2d 228 (C.A. 5, 1971), which followed *Ralph D. Lambert, supra,* was recently cited with approval in *William James Hooper,* T.C. Memo. 1974-176. See also *Bachman v. United States,* 74-2 USTC par. 9763 (D. Idaho 1974). Cf. *Robin Haft Trust,* 61 T.C. 398 (1973), supplemental opinion 62 T.C. 145 (1974).

T.C. 308, 331 (1964),[7] while nonadherence to those which are "procedural and therefore directory" may sometimes be excused. The section 333 election which petitioners omitted to file is a requirement of the former sort.

Petitioners assert that all of the *information* contained in Form 964 was available to respondent from the Form 966 filed by the corporation and from other sources. Information, however, is not the principal feature of the required filing. Cf. *Columbia Iron & Metal Co.,* 61 T.C. 5 (1973). Filing of a *written election* under section 333(c) has a substantive effect not only on the classification of the particular individual shareholder as a "qualified electing shareholder" but also on the status of every other electing individual because of the 80-percent rule of section 333(c)(1). Filing an actual election within 30 days is an express statutory prerequisite which the regulatory mandate of section 333(d) only serves to implement. Clearly the "essence" of the statute is to demand specific, contemporaneous, and incontrovertible evidence of a binding election to accept the tax consequences imposed by the section. We are not at liberty to infer that an election existed when the unequivocal proof required by Congress does not exist.

No written election by the shareholders which might substitute for Form 964 appears on the record. Filing Form 966 is a corporate function and is independent of the shareholders' choice of action. Of the papers that accompanied Form 966, the directors' resolution refers to section 333, but the stockholders' minutes do not. We cannot hold the absence of any written expression of petitioners' intentions qua stockholders to be without significance.[8] Petitioners' argument fails because they have not filed the written election required by the statute.

To reflect the concessions of the parties on another issue,

*Decisions will be entered under Rule 155.*

---

[7] See *Columbia Iron & Metal Co.,* 61 T.C. 5 (1973).

[8] Petitioners in their reply brief make reference to items included in their joint Federal income tax returns for 1969. On those returns petitioners reported amounts as "Net assets received in corporate liquidation under section 333 * * * D & G Corp." The copies of petitioners' returns which are in evidence are unsigned and dated "4/—/70." The parties have stipulated that the returns were timely filed. Whether or not these statements are adequate to constitute written elections, there is no evidence to support a finding that they were filed within 30 days of the adoption of the plan of liquidation on Nov. 28, 1969, as required by sec. 333(d).