ROCKWELL INN, LTD., VICTOR L. ANDERES, TAX MATTERS PERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rockwell Inn, Ltd. v. Commissioner
Docket No. 21842-91
United States Tax Court
T.C. Memo 1993-158; 1993 Tax Ct. Memo LEXIS 164; 65 T.C.M. (CCH) 2374; April 13, 1993, Filed *164 Decision will be entered for respondent. For petitioner: John S. Elias. For respondent: John Q. Walsh. RUWE
RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: In notices of final S corporation administrative adjustment (FSAA's) dated August 8, 1991, respondent determined that Rockwell Inn, Ltd. (Rockwell), had not made a valid election to be treated as an S corporation. [1] *165 Respondent determined adjustments to Rockwell's S corporation returns for the taxable years 1983 and 1984, accordingly. The issues for decision are: (1) Whether Rockwell made a valid election to be an S corporation in 1983 under section 1362; [2] and, if so, (2) whether respondent committed an abuse of discretion under section 18.1362-2(c), Temporary Income Tax Regs., 48 Fed. Reg. 3592 (Jan. 26, 1983), by refusing to accept untimely shareholder consents.
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Victor L. Anderes (petitioner) is president and tax matters person of Rockwell, a corporation with its principal place of business in Morris, Illinois. In 1981, after consulting with an accountant, Rockwell and its shareholders (including petitioner) directed the accountant to qualify Rockwell as an S corporation beginning in 1982. On or before March 15, 1983, Rockwell filed a U.S. Small Business Corporation Income Tax Return (Form 1120S) for 1982. Rockwell's 1982 return indicates that it had previously elected to be treated as a small business corporation. In fact, no such election had been made prior to the filing of the 1982 return and no Form 2553, Election by a Small Business Corporation, had been filed. Attached to Rockwell's *166 1982 return was a Schedule K-1 for each of its three shareholders, reflecting their distributive shares of Rockwell's income. Each shareholder incorporated into his individual 1982 Federal income tax return the information contained in his Schedule K-1. All three shareholders filed their returns subsequent to March 15, 1983. In the spring of 1984, respondent notified petitioner that Rockwell was not qualified as an S corporation. Rockwell subsequently filed a U.S. Corporation Income Tax Return (Form 1120) for 1982, and each shareholder filed an Amended U.S. Individual Income Tax Return (Form 1040X) for that year removing from his income the distributive share of Rockwell's income previously reported. On September 13, 1984, Rockwell filed an S corporation return for taxable year 1983 and attached a statement entitled "Rockwell Inn, Ltd. Election to be an S Corporation for Calendar Year 1983". This statement set forth Rockwell's position that it had validly elected S status in 1983 when it filed a 1982 S corporation return. Rockwell's 1982 S corporation return was attached, as were consents to Rockwell's S election executed by the three shareholders on Form 2553. These were *167 the first formal consents submitted by the shareholders. After receipt of the FSAA's for taxable years 1983 and 1984, petitioner filed a timely petition with this Court. OPINION Section 1362(a) allows a small business corporation to elect to be an S corporation for its current taxable year on or before the 15th day of the third month of that taxable year. Sec. 1362(b)(1)(B). An election under section 1362(a) is effective for the taxable year and for all succeeding taxable years, until such election is terminated. Sec. 1362(c). Section 1377(c) states that "Any election under this subchapter [S] * * * shall be made in such manner as the Secretary shall by regulations prescribe." The temporary regulations [3] under section 1362 state: § 18.1362-1. Election to be an S corporation. (a) Manner of making election. To make the election to be an S corporation, a small business corporation should file Form 2553, containing all the information required by that form. * * * The election form shall be signed by any person who is authorized to sign the return required to be filed under section 6037 and shall be filed with the service center designated in the instructions applicable *168 to Form 2553. [48 Fed. Reg. 3591 (Jan. 26, 1983)].
Petitioner admits that Rockwell failed to file the requisite Form 2553, but contends that Rockwell made a valid election in 1983 by filing Form 1120S for taxable year 1982 on or before March 15, 1983. Petitioner argues that Form 2553 was "nonmandatory" during the years in issue. In support of his position, petitioner points to the regulation's use of the word "should" in reference to filing Form 2553, and its contrasting use of the word "shall" in reference to other requirements. Petitioner also notes that subsequently proposed regulations replaced the word "should" with "shall" in reference to filing Form 2553. See sec. 1.1362-1(b), Proposed Income Tax Regs., 53 Fed. Reg. 52192 (Dec. 27, 1988).
*169 We find petitioner's interpretation of the statutory and regulatory scheme less than compelling. Subchapter S status must be firmly and clearly elected. Smith v. Commissioner, T.C. Memo. 1988-18. There is no provision for leniency with respect to the filing of elections under subchapter S. Pestcoe v. Commissioner, 40 T.C. 195, 198 (1963). This Court has required strict and scrupulous compliance with all the statutorily mandated requirements of subchapter S elections. See Combs v. Commissioner, T.C. Memo. 1989-206, affd. without published opinion 907 F.2d 151 (6th Cir. 1990). While the temporary regulations use the word "should" in reference to filing Form 2553, section 1377(c) states that elections under subchapter S "shall" be made as prescribed in the regulations. The temporary regulations explicitly prescribe Form 2553 as the means by which a firm and clear election is made. Sec. 18.1362-1(a), Temporary Income Tax Regs., supra. Thus, we believe that Form 2553 is a "required" part of the election process. As we stated in Pestcoe v. Commissioner, supra at 198: *170 "The election is optional, but if a taxpayer wishes to take advantage of these provisions, he must also comply with their requirements." Petitioner cites Brody v. Commissioner, T.C. Memo. 1975-47, in support of his claim that S corporation status may be elected by filing an S corporation return instead of the form prescribed by the regulations. In Brody, the Commissioner had determined that a corporation had elected to be taxed under subchapter S. In making that determination, the Commissioner had relied on the fact that the returns filed by the corporation were S corporation returns. The taxpayers argued that no election had been made, relying solely on the failure of the Commissioner to produce the requisite shareholder consents. No evidence was offered by the taxpayers to rebut the Commissioner's determination. In sustaining that determination, we relied almost exclusively on the taxpayers' failure to meet their burden of proof. [4] Thus, we were not faced in Brody with the need to analyze the election provisions in effect at that time. In light of this, we are unwilling to attach to Brody the meaning assigned by petitioner. *171 Petitioner argues alternatively that Rockwell substantially complied with the requirements in the temporary regulations since Rockwell's S corporation return, including the Schedules K-1, "contained essentially all of the information requested on Form 2553". We have held that the regulatory requirements that relate to the substance or essence of a statute must be complied with strictly. Tipps v. Commissioner, 74 T.C. 458, 468 (1980); Penn-Dixie Steel Corp. v. Commissioner, 69 T.C. 837, 846 (1978). However, substantial compliance may be sufficient if the regulatory requirements are procedural or directory in that they are not the essence of the thing to be done but are given with a view to the orderly and prompt conduct of business. In addition, the omission of the required material must not operate to respondent's prejudice. Tipps v. Commissioner, supra; see Taylor v. Commissioner, 67 T.C. 1071, 1079-1080 (1977). We have not always required literal compliance with the procedural directions in regulations on making elections. See Hewlett-Packard Co. v. Commissioner, 67 T.C. 736, 748 (1977), *172 and cases cited therein. It is essential, however, to establish that an election has been made, so that the corporation and its shareholders are bound. See Tipps v. Commissioner, supra at 468 (election under section 167(k)); Hewlett-Packard Co. v. Commissioner, supra at 749 (election under section 1.964-1(c)(3), Income Tax Regs.); Dunavant v. Commissioner, 63 T.C. 316, 320 (1974) (section 333 election). As stated above, the filing of Form 2553 is the means by which the corporation establishes that it has made an election and by which the shareholders bind themselves. We have held that an unsigned Form 2553 is not evidence of a firm and clear election because, like an unsigned tax return, it is insufficient to support a perjury charge based on a false Form 2553. See Smith v. Commissioner, supra (citing Vaira v. Commissioner, 52 T.C. 986, 1005 (1969), affd. on this issue, revd. and remanded on other grounds 444 F.2d 770 (3d Cir. 1971); Reaves v. Commissioner, 31 T.C. 690, 713 (1958), *173 affd 295 F.2d 336 (5th Cir. 1961); Lucas v. Pilliod Lumber Co., 281 U.S. 245 (1930)). Thus, "the requirement that the Form 2553 be signed by an authorized officer is not merely procedural or directory, but rather a substantive requirement that goes to the heart of a taxpayer's fundamental tax status." Smith v. Commissioner, supra.Similarly, we have held that a Form 2553 filed without all requisite shareholder consents could not give rise to a valid subchapter S election because the form and consents were necessary to carry out the purpose of the statute. Fratantonio v. Commissioner, T.C. Memo. 1988-158. Given these holdings, it follows that the filing of the Form 2553 goes to the essence of the statute's purpose as well. [5]
*174 Rockwell's 1982 S corporation return does not purport to be an election at all, but rather refers back to an earlier election -- one that petitioner concedes was never made. Because of the equivocal nature of Rockwell's purported election, petitioner and Rockwell would have been able -- had the tax consequences been otherwise -- to take a position contrary to that which they take today. Petitioner cannot be allowed to have it both ways. Rockwell's 1982 S corporation return did not firmly and clearly elect S status. Thus, it does not substantially comply with the essence of the statute; nor does it comply with our own case law. See Smith v. Commissioner, T.C. Memo. 1988-18. The Court of Appeals for the Seventh Circuit, to which this case is appealable, [6] takes a narrow view of the judicial doctrine of substantial compliance. See Prussner v. United States, 896 F.2d 218, 224 (7th Cir. 1990). In addressing the application of the doctrine to an election under section 2032A(d)(3), the Court of Appeals for the Seventh Circuit stated: "The common law doctrine of substantial compliance should not be allowed to spread beyond *175 cases in which the taxpayer had a good excuse (though not a legal justification) for failing to comply with either an unimportant requirement or one unclearly or confusingly stated in the regulations or the statute." Id. at 224. We believe the rationale espoused by the Seventh Circuit would require that we find no substantial compliance in this case. The election involved in Prussner v. United States, supra, required that a recapture agreement be filed with the taxpayer's return. Regarding the taxpayer's failure to comply, the court stated: "If the requirement that a recapture agreement be attached to the return is not essential, neither is it unimportant." Id. at 225. Form 2553, required by the temporary regulations at issue here, is both essential and important. We therefore sustain respondent's determination. *176 Because of our finding that Rockwell's S election was invalid, we need not consider petitioner's arguments regarding respondent's refusal to accept untimely shareholder consents. Decision will be entered for respondent. Footnotes
1. We have jurisdiction over subchapter S items. Sec. 6244. Subchapter S items include "Any factor necessary to determine whether the entity has properly elected to be an S corporation under section 1362 for the taxable year". Sec. 301.6245-1T(a)(3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987); see sec. 6245; sec. 6233(b); sec. 301.6233-1T(b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6795↩ (Mar. 5, 1987).
2. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Until final regulations are issued, temporary regulations are entitled to weight comparable to that of final regulations. Nissho Iwai Am. Corp. v. Commissioner, 89 T.C. 765, 776 (1987); see Zinniel v. Commissioner, 89 T.C. 357, 369↩ (1987).
4. It is not clear whether the taxpayers in Brody v. Commissioner, T.C. Memo. 1975-47, filed a Form 2553. The opinion in Brody does state that "respondent relied on the fact that the returns filed by Temp-Aire, and signed by Steve Brody, its principal or sole shareholder, signified an election to be taxed as a subchapter S corporation". Id. The Court concluded: "It cannot be said, nor does the petitioner argue, that respondent's determination in this respect was unreasonable, arbitrary, or capricious. To say the least, it was prima facie correct." Id.↩ This statement in no way constituted a judicial pronouncement or endorsement supporting petitioner's present position. It was simply a proper allocation of the burden of proof.
5. In support of his contentions, petitioner cites Hoffman v. Commissioner, 47 T.C. 218 (1966), affd. 391 F.2d 930 (5th Cir. 1968), wherein the taxpayer attempted to revoke a subchapter S election. The Court held that a statement included with the taxpayer's tax return fulfilled the basic requirements of the regulations. The regulations involved in that case, however, required "No special form of revocation". Id. at 237. In the regulations applicable to the instant case, Form 2553 is clearly designated as the proper method of election. Petitioner also cites to Sperapani v. Commissioner, 42 T.C. 308 (1964), involving an election to be taxed as a corporation by a sole proprietorship. The applicable regulations did not designate a specific form for election purposes. In that case, the taxpayer had filed a timely election, "which clearly set forth" the taxpayer's electing status. Id. at 332-333. The Court held that certain information required in the election was not essential, and that the taxpayer had substantially complied with the statute. The "essence of the statute," according to the Court, was the filing of a notice of election. Id.↩ at 332.
6. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).