T.C. Memo. 2013-262

UNITED STATES TAX COURT

STEPHEN J. STAPLES, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13912-11.                     Filed November 18, 2013.

P claimed a deduction for research expenses on Schedule C, Profit or Loss From Business, of his 2007 Form 1040, U.S. Individual Income Tax Return, for a film series he was producing. After R issued a notice of deficiency, P requested that the costs be allowed as deductible qualified film production cost expenses pursuant to I.R.C. sec. 181. P did not timely make the required I.R.C. sec. 181(a) election to treat production costs as deductible for the 2007 tax year.

<u>Held</u>: P is unable to currently deduct the 2007 film series research expenses pursuant to I.R.C. sec. 181 because he did not make a valid timely I.R.C. sec. 181 election; and even if this Court were to apply the doctrine of substantial compliance to accept P's 2007 Form 1040, Schedule C as a valid I.R.C. sec. 181 election, P would still not be entitled to the benefit of the I.R.C. sec. 181 deduction because he has not met the requirement of starting principal photography.

Stephen J. Staples, pro se.

<u>S. Penina Shadrozz</u>, for respondent.

**[\*2]**                  MEMORANDUM OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition for redetermination of a deficiency in income tax that respondent determined for petitioner's 2007 tax year.

After concessions by the parties,[1] the only issues for decision are (1) whether petitioner made a timely section 181[2] election for the film series production costs to be treated as currently allowable expenses and (2) whether the film series expenses qualify for a section 181 deduction.

<u>Background</u>

This case was submitted fully stipulated pursuant to Rule 122.  The stipulation of facts, with accompanying exhibits, is incorporated herein by reference.  At the time the petition was filed, petitioner resided in California.

---

[1]The parties agree that for the 2007 tax year petitioner had unreported long-term capital gains of $7,244, petitioner is liable for the accuracy-related penalty pursuant to sec. 6662(a), and the expenses reported on Schedule C, Profit or Loss From Business, need to be capitalized pursuant to sec. 263A, unless this Court finds these expenses to qualify for a deduction under sec. 181.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (Code), as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]   Petitioner is an attorney and was admitted to the State Bar of California in December 1977.  In 2006 petitioner began researching American history for the purpose of creating an American history film series (film series).  Petitioner's film series was to include episodes regarding different geographic locations and different points of history.  The film series was intended to be exhibited to the general public as entertainment as well as for educational purposes.  Petitioner engaged in creating the film series with the intention of making a profit.

2007 Claimed deductions

During the 2006 and 2007 taxable years petitioner was in the startup phase of the film series.  In 2006 and 2007 petitioner conducted research and explored locations for the film series.  He seeks to currently deduct under section 181 the expenses he incurred in conducting these activities.  In 2007 petitioner did not yet have the film series set for production or reasonably expect that it would be set for production.  As of May 2012, petitioner had not yet begun principal photography.

2007 Tax return

Petitioner requested and received an extension of time until October 15, 2008, to file his 2007 Form 1040, U.S. Individual Income Tax Return (tax return).  Petitioner self-prepared and timely filed this tax return.  Petitioner did not use the services of a tax professional to prepare this tax return.  Petitioner claimed section

[*4] 162 Schedule C expense deductions[3] for the film series research activities conducted in 2007 that were not deductible and would have to be capitalized pursuant to section 263A, unless they are deductible under section 181. Petitioner's Schedule C did not include the name of the production, the date production costs were first paid, or the amount of qualified compensation. Petitioner did not attach a statement to his 2007 tax return indicating that he reasonably expects the total production cost to be less than $15 million. Petitioner did not attach a statement to his tax return stating his intention of making a section 181 election. Petitioner did not file a Form 3115, Application for Change in Accounting Method, for the 2007 tax year. Petitioner has not filed an amended Federal income tax return for the 2007 taxable year.

On March 9, 2011, respondent issued to petitioner a statutory notice of deficiency, and petitioner timely petitioned this Court on June 13, 2011. We granted the parties' joint motion to submit the case under Rule 122.

---

[3]The Schedule C expenses consisted of $5,340 for car and truck expenses, $130 for insurance (other than health), $99 for legal and professional services, $2,609 for office expenses, $160 for supplies, $152 for taxes and licenses, $612 for travel, $3,510 for claimed deductible meals and entertainment, $556 for utilities, and $277 for other expenses.

**[*5]**                              Discussion

As a general rule, the Commissioner's determination in a notice of

deficiency is presumed correct, and the taxpayer bears the burden of proving by a

preponderance of the evidence that the determination is improper.  See Rule

142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Although section 7491(a)

may shift the burden of proof to the Commissioner in specified circumstances,

petitioner has not established that he meets the requirements under section

7491(a)(1) and (2) for such a shift.

Deductions are a matter of legislative grace, and taxpayers bear the burden

of proving entitlement to any claimed deduction.  Rule 142(a); INDOPCO, Inc. v.

Commissioner, 503 U.S. 79, 84 (1992).  Taxpayers are required to identify each

deduction, maintain adequate records, substantiate each deduction, and show that

they have met all requirements.[4]  Sec. 6001; Roberts v. Commissioner, 62 T.C.

834, 836-837 (1974); sec. 1.6001-1(a), Income Tax Regs.

Film research expenses

Generally, research and experimental expenses cannot be deducted but may

be capitalized.  See sec. 263A(c).  Therefore, absent the applicability of a specific

---

[4]Strict substantiation rules for deductions other than those subject to sec. 274(d) scrutiny may, in some situations not present here, be relaxed by the Cohan rule.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

**[*6]** Code section, petitioner cannot currently deduct the research and location exploration expenses relating to the film series. In the American Jobs Creation Act of 2004, Pub. L. No. 108-357, sec. 244, 118 Stat. at 1445, Congress created section 181, which allows for a current deduction of otherwise capitalized expenditures for qualifying films or television productions. See sec. 181; S. Rept. No. 108-192, at 74 (2003). Congress created section 181 to provide an incentive for the film and television production industries to produce films in the United States. See S. Rept. No. 108-192, supra at 74.

In order to qualify for a section 181 deduction the taxpayer must make an election "in such manner as prescribed by the Secretary and by the due date (including extensions) for filing the taxpayer's return of tax under this chapter for the taxable year in which costs of the production are first incurred." Sec. 181(c)(1). "[T]he taxpayer must attach a statement to the return stating that the taxpayer is making an election under section 181." Sec. 1.181-2T(c)(1), Temporary Income Tax Regs., 72 Fed. Reg. 6161-6162 (Feb. 9, 2007) (emphasis added). The section 181 election attachment must include the name of the production, the date production costs were first paid or incurred, the amount of production costs, the aggregate amount of qualified compensation paid or incurred in the taxable year, and the aggregate amount of compensation paid or incurred in

[*7] the taxable year; and the taxpayer must declare that he reasonably expects both that the production will be set for production and that it will be a qualified film and that the aggregate costs will not exceed the $15 million limit.[5] See id. Petitioner did not make a timely election under section 181 to deduct his expenses relating to the film series.

Petitioner did not attach a statement to his tax return stating that he was making an election under section 181 but seeks to justify his position by requesting that we allow his Schedule C, attached to his 2007 Form 1040, as a valid section 181 election. Petitioner included some of his research expenses for his film series on that Schedule C; however, the mere fact that petitioner attached a Schedule C to his 2007 tax return containing some of that information is not sufficient for that Schedule C to be treated as a qualifying election for section 181 purposes. This Court has held no such election alternative exists with respect to other Code provisions. See Kosonen v. Commissioner, T.C. Memo. 2000-107, 2000 WL 311067 (holding that despite the taxpayer's aggregating his rental income on the Schedule E, Supplemental Income and Loss, attached to his Federal income tax return, that Schedule E did not qualify as an election to aggregate the

[5]There is a higher dollar limitation for certain qualified films or television productions the costs of which are significantly incurred in specified areas. Petitioner does not allege that the costs were incurred in any of the specified areas.

[*8] taxpayer's rental activity pursuant to section 469(c)(7)).  Additionally, petitioner's Schedule C did not provide the required information for a valid section 181 election.

This Court has on limited occasions applied the doctrine of substantial compliance involving failures to make an election according to the applicable regulations.  See Estate of Chamberlain v. Commissioner, T.C. Memo. 1999-181, aff'd, 9 Fed. Appx. 713 (9th Cir. 2001).  Substantial compliance does not apply to the essential requirements of a statute.  See Columbia Iron & Metal Co. v. Commissioner, 61 T.C. 5, 8 (1973).  On the other hand, if the requirements are procedural or directory, in that they do not go to the essence of the thing to be done but rather are given with a view to the orderly conduct of business, they may be fulfilled by substantial compliance.  See Rodoni v. Commissioner, 105 T.C. 29, 38-39 (1995); Taylor v. Commissioner, 67 T.C. 1071, 1077-1078 (1977); Dunavant v. Commissioner, 63 T.C. 316, 319-320 (1974); Sperapani v. Commissioner, 42 T.C. 308, 330-331 (1964).  This Court in Storey v. Commissioner, T.C. Memo. 2012-115, 2012 WL 1409273, applied the doctrine of substantial compliance for a taxpayer attempting to make a section 181 election.

Even assuming arguendo that we were to apply the doctrine of substantial compliance to allow petitioner to use his Schedule C as a section 181 election,

[*9] petitioner would still not be entitled to benefit from or to make a section 181 election because he had not yet started principal photography. See sec. 1.181-6T(a), Temporary Income Tax Regs., 72 Fed. Reg. 6164 (Feb. 9, 2007). Commencement of principal photography is necessary for a taxpayer's eligibility to make a valid section 181 election. See Storey v. Commissioner, 2012 WL 1409273, at *16. The 2007 temporary regulations state that they "apply to productions, the first day of principal photography for which occurs on or after February 9, 2007, and before January 1, 2009."[6] See sec. 1.181-6T(a), Temporary Income Tax Regs., supra. Subsequently, the section 181 regulations have been finalized, and the date by which a taxpayer may begin principal photography has been extended; however, petitioner does not allege that he complies with these regulations by having started principal photography. See sec. 1.181-6(a), Income Tax Regs. As of May 2012, petitioner had still not begun principal photography.

We conclude that even if this Court were to apply the doctrine of substantial compliance as perfecting petitioner's attempted section 181 election, since petitioner as of May 2012, had not yet begun principal photography, he would still

---

[6]There are two exceptions that apply to pre-effective date productions and returns filed for prior taxable years, but petitioner did not allege that either of the exceptions apply. See sec. 1.181-6T(b) and (c), Temporary Income Tax Regs., 72 Fed. Reg. 6164-6165 (Feb. 9, 2007).

[*10] not be entitled to a section 181 election for the 2007 tax year.[7] We need not determine whether petitioner would have otherwise qualified for a section 181 deduction.

Petitioner did not make a section 181 election in his 2007 tax return or in an earlier year's Federal income tax return. See sec. 1.181-2T(e)(1), Temporary Income Tax Regs., 72 Fed. Reg. 6162 (Feb. 9, 2007). Petitioner did not allege that a timely section 181 election was made for the 2007 taxable year but asks "the Court to treat Petitioner as if an election to apply section 181 was timely made." The Court cannot and will not do so as it has no authority to rewrite the statute or the regulation. Petitioner does not meet the statutory requirement for a qualifying section 181 election and therefore may not deduct his film research and location exploration expenses for 2007.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

---

[7]The issue of whether petitioner may deduct these expenses pursuant to sec. 181 for a future year was not before the Court, and therefore we express no opinion on this issue.

**[*11]** To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.