**Ernest L. POSEY and Kathleen V. Posey, husband and wife, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 71–1952
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 28, 1971.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Amos E. Jackson, Palm Beach, Fla., Walter E. Travers, Stuart, Fla., and Jackson & Jackson, Palm Beach, Fla., for plaintiffs-appellants.

Donald B. Craven, Atty., Tax. Div., Dept. of Justice, Washington, D. C., John L. Briggs, U. S. Atty., Orlando, Fla., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Paul M. Ginsburg, Gordon S. Gilman, Attys., Fred B. Ugast, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

This appeal involves the refund of federal income taxes for the taxable year 1961 in the amount of $47,473.23, together with interest thereon, and is taken from the order of the District Court filed February 16, 1971, granting the Government's motion for partial judgment as to Count One of the appellants' complaint filed on August 15, 1969. The original complaint of the appellants contained two counts, the second of which was dismissed with prejudice by the District Court on May 29, 1971, leaving only Count One in contention on this appeal. We perceive no alternative to affirming the judgment of the District Court.

Kathleen V. and Ernest L. Posey, are now residents of the State of Florida. Prior to 1961 they were residents of Virginia Beach, Virginia. For the calendar year 1961, the appellants filed their Federal Income Tax Return with the Director of Internal Revenue, Richmond, Virginia.

Ernest L. Posey was the sole shareholder of two corporations, the Sheridan Corporation and the Paragon Corporation, each of which was incorporated in Virginia. The Sheridan Corporation was organized on May 18, 1937, and had 5,000 shares of common stock outstanding. Its principal asset was an apartment building called the Washington Manor Apartments. The Paragon Corporation was organized on August 9, 1930, and had 141 shares of common stock outstanding. Its principal assets were an apartment building called the Pineview Apartments and a fourteen acre citrus grove in Florida.

Because of appellant's age and the increasing burden on him as to the managerial responsibilities associated with the two corporations, he decided that the time had come to liquidate the corporations and dispose of the apartments.

Before planning for the liquidation of the corporations, Mr. Posey consulted with an employee of the Internal Revenue Service and with a Certified Public Accountant as to the proper method for handling the liquidation so as to legally avoid liability for any income tax on the depreciable property received from the corporations until such property was actually sold.

At the Norfolk, Virginia, office of the District Director of Internal Revenue, he was directed to an employee of the Internal Revenue Service who discussed the tax problem relative to liquidation of the corporations. According to the appellant, this representative of the Internal Revenue Service gave him Form 966 to be filed on liquidation of the corporations within one calendar month, and further explained that Posey could report on the capital gains on the apartments after they were received by him in liquidation and sold by him individually. Further, that he could report the gain on the installment basis over the period

of collections, if he did not receive over 29% in the first year.

In consultation with the accountant appellant was advised to liquidate the corporations within one calendar month, file Form 966, then if the properties were sold during the year to bring in all the records about the properties prior to April 15, 1962, for the final preparation of his return. Also, the accountant advised Posey that he would only have to report as capital gain that pro-rata share of the installment collected in 1961 on the sale of the properties which represented gain, as long as he did not collect more than 29% during the first year of the sale.

During the taxable year 1961, appellant liquidated both corporations.

On March 24, 1961, the shareholders of Sheridan Corporation adopted a resolution of liquidation. Within thirty days of the adoption of that resolution, the corporation filed with the District Director of Internal Revenue Treasury Form 966, "Return of Information under Section 6043". In connection with liquidation of Sheridan Corporation, appellant did not file Treasury Form 964, "Election of Shareholder under Section 333 of the Internal Revenue Code of 1954". The same day that the plan of liquidation was adopted by the shareholders, Sheridan Corporation distributed all of its assets to its sole shareholder, the appellant.

On May 12, 1961, the shareholders of Paragon Corporation adopted a resolution to liquidate. As in the case of Sheridan Corporation, within thirty days of the adoption of the resolution to liquidate, the corporation filed with the District Director Treasury Form 966. Once again, no Form 964 was filed by appellant. The same day the plan of liquidation was adopted by its shareholders, Paragon Corporation distributed all of its assets in liquidation to its sole shareholder, the appellant.

As a result of the liquidation of these corporations, appellant received individual ownership of the two apartment buildings. He sold one of the buildings on May 1, 1961, and the other on July 23, 1962. As a result of these sales, the appellant received certain amounts as down payments on the purchase price, with the balances to be paid in monthly installments over a period of twenty years.

On appellant's income tax return for taxable year 1961 he did not report the gain realized on the liquidation of either of the corporations pursuant to § 331 of the 1954 Code. Instead, he reported the disposal of each apartment as an installment sale on the 1961 and 1962 tax returns. Subsequent thereto, the Commissioner of Internal Revenue determined that since no Form 964 election had been filed by appellant with respect to liquidation of either Sheridan Corporation or Paragon Corporation, he was not entitled to the non-recognition of gain benefits of § 333 of the Internal Revenue Code, and hence the gain realized by him on liquidation of each of those corporations was taxable pursuant to § 331 of the 1954 Code. The Commissioner determined that appellants should have included as capital gains in the tax return of 1961 those amounts received on liquidation of the two corporations which were in excess of the adjusted basis for the stock in each corporation. Accordingly, on June 18, 1965, the Commissioner assessed the income tax deficiencies here in dispute. The assessment was paid in full and appellant filed a timely claim for refund. On November 14, 1968, the claim was disallowed, whereupon appellant filed his complaint in this case. The District Court sustained the Government's motion for partial summary judgment, having concluded that appellant was not entitled to the benefits of the one month liquidation provisions contained in § 333 of the 1954 Code. This appeal followed.

*Special Tax Treatment Under § 333*

Generally, the amounts distributed to shareholders in complete liquidation of a corporation are treated as full payment in exchange for the shareholder's stock, normally resulting in capital gains treat-

ment to the shareholders for the amounts received in excess of the adjusted basis of their stock. 26 U.S.C., §§ 331(a) (1) and 1001(a), Internal Revenue Code of 1954; Federal Tax Regulation §§ 1–331–1(a) and (b). However, the one month liquidation provisions of § 333 offers to qualifying shareholders the chance to defer at least part of any tax until such time as they dispose of the distributable property received from liquidation of the corporation.

Section 333 provides a special rule, in the case of certain specifically described complete liquidations of domestic corporations occurring within some one calendar month. The effect of such section is in general to postpone the recognition of that portion of a qualified electing shareholder's gain on the liquidation which would otherwise be recognized and which is attributable to appreciation in the value of certain corporate assets unrealized by the corporation at the time such assets are distributed in complete liquidations. Federal Tax Regulation 1–333–1.

### Applicability of § 333

In order for the special tax treatment of § 333 to be applicable to a given transaction resulting in the liquidation of a corporation, there must be present in such transaction the *qualified liquidation* of a domestic corporation by *qualified electing shareholders* in accordance with the statutory conditions imposed by 26 U.S.C., § 333, Internal Revenue Code of 1954.

According to § 333 of the Internal Revenue Code of 1954, a *qualified liquidation* occurs under such section if the following conditions are met.

1. The liquidation must be made in pursuance of a plan of liquidation adopted on or after June 22, 1954. 26 U.S.C., § 333(a) (1), Internal Revenue Code of 1954.

2. The plan of liquidation must be adopted before the first distribution under such plan. Federal Tax Regulation 1.333–1(b) (1).

3. The distribution in pursuance of such plan of liquidation must be in complete cancellation or redemption of all the stock, and the transfer of all the property under the liquidation must occur within the period of one calendar month. 26 U.S.C., § 333(a) (2), Internal Revenue Code of 1954. It is not necessary that the month in which the transfer occurs fall within the taxable or calendar year in which the corporate plan of liquidation is adopted. Federal Tax Regulation 1.333–1(b) (1). However, it is essential that a status of liquidation exist at the time the first distribution is made under the plan and that such status continue to the date of dissolution of the corporation. Federal Tax Regulation 1.333–1(b) (1).

4. Enough qualified electing shareholders of the liquidating corporation must timely file the necessary written elections with the District Director as to their personal election to individually come within the one month liquidation provisions of 26 U.S.C. § 333, Internal Revenue Code of 1954. 26 U.S.C., § 333(c) (1) and (2).

With respect to the liquidating corporation, it should be noted that § 6043 of the Internal Revenue Code additionally requires the liquidating corporation, as distinguished from the shareholders, to file with the Commissioner of Internal Revenue, within thirty days after the adoption of the liquidation plan. Form 966 (an information return required in the event of any liquidation), together with a statement setting forth the terms of the plan of liquidation.

As previously stated, one of the necessary conditions for the occurrence of a qualified liquidation under 26 U.S.C., § 333, Internal Revenue Code of 1954, is that enough *qualified electing shareholders* must timely file the necessary written elections with the District Director as to their personal election to individually come within the one month liquida-

tion provisions of 26 U.S.C., § 333, Internal Revenue Code of 1954. No corporate shareholder may be a qualified electing shareholder if at any time between January 1, 1954, and the date of the adoption of the plan of liquidation, both dates inclusive, he is the owner of stock of the liquidating corporation possessing 50% or more of the total combined voting power of all classes of stock entitled to vote upon the adoption of the plan of liquidation. 26 U.S.C., § 333 (b), Internal Revenue Code of 1954. Federal Tax Regulation 1.333–2. However, all other shareholders are divided into two groups for the purpose of determining whether they are qualified electing shareholders: (1) shareholders other than corporations and (2) corporate shareholders.

In order for an individual or other non-corporate shareholder to constitute qualified electing shareholders and thereby meet one of the necessary conditions for a qualified liquidation under § 333, they must satisfy the following requirements:

1. The shareholders who may make an election to be governed by the provisions of § 333 of the Internal Revenue Code of 1954 must be the actual owners of the stock in the liquidating corporation at the time of the liquidation and not a mere record holder, such as a nominee. 26 U.S.C., § 333(c), Internal Revenue Code of 1954. Federal Tax Regulation 1.333–2(d).

2. The shareholders must file their written elections within thirty days after the plan is adopted, 26 U.S. C., § 333(c) and (d), and such written elections "must be made and filed in such manner as to be not in contravention of regulations prescribed by the Secretary or his delegate." 26 U.S.C., § 333(d), Internal Revenue Code of 1954.

3. Timely written elections under § 333 of the Internal Revenue Code must have been made and filed by the owners of stock possessing at least 80% of the total combined voting power of all classes of stock owned by shareholders entitled to vote on the adoption of the plan of liquidation. 26 U.S.C., § 333(c) (1), Internal Revenue Code of 1954.

In order for corporate shareholders (except for excluded corporate shareholders) to constitute qualified electing shareholders and thereby meet one of the necessary conditions for a qualified liquidation under § 333, they must satisfy similar requirements as imposed on non-corporate shareholders.

■ We are required to determine whether the District Court erred in holding that the appellants forfeited the non-recognition benefits of the one month liquidation provisions of § 333 of the Internal Revenue Code of 1954 when they did not file Form 964 but otherwise *substantially complied* with § 333 and the regulations prescribed pursuant to such section. In other words, the issue is whether the appellant constituted a qualified electing shareholder under § 333 of the Internal Revenue Code of 1954.

The requirements for an individual, such as the appellant, to constitute a qualified liquidation under § 333, are set out *ante*.

By § 333(d) Congress has required that the shareholder must make and file his written election for the non-recognition benefits of § 333 within thirty days after the corporate liquidation plan is adopted, and has further required that such written elections "must be made and filed in such manner as to be not in contravention of regulations prescribed by the Secretary or his delegate". Pursuant to § 333(d), the Secretary has prescribed Federal Tax Regulation 1.333–3, which provides as follows:

An election to be governed by § 333 shall be made on Form 964 (revised) in accordance with the instructions printed thereon and within this section. The original and one copy shall be filed by the shareholder with the District Director with whom the final income tax return of the corporation will be

filed. The elections must be filed within 30 days after the adoption of the plan of liquidation. Under no circumstances shall § 333 be applicable to any shareholder who fails to file their elections within the 30 day period prescribed. An election shall be considered as timely filed if it is placed in the mail on or before midnight of the 30th day after the adoption of the plan of liquidation, as shown by the postmark on the envelope containing the written election or as shown by other available evidence of the mailing date. Another copy of the election shall be attached to and made a part of the shareholder's income tax return for his taxable year in which the transfer of all the property under the liquidation occurs.

After finding that the language contained in § 333 and Federal Tax Regulation 1.333–3 mandatorily required the appellant to file a personal election (Form 964) in order to constitute a qualified electing shareholder under § 333 and thereby meet the requirements of a qualified liquidation under § 333, the District Court concluded that the appellants were not qualified electing shareholders entitled to the non-recognition benefits of the one month liquidation provisions of § 333, notwithstanding the advice given to appellant prior to the liquidation of the corporations by the employee of the Internal Revenue Service and by the Certified Public Accountant as to the requirements for entitlement to the non-recognition benefits of § 333.

The appellant argues that Form 964 is prescribed by regulation and not by the Internal Revenue Code, hence his good faith attempts to comply with the one month liquidation provisions of § 333 of the Code should not be penalized due to the technical requirements of the regulations, not the law.

■■ Since a shareholder may often prefer to incur the tax consequences of a corporate liquidation under § 331 or some other liquidation pursuant to some other provision of the Internal Revenue Code, and since such requirement of a specific manner in making and filing elections prevents confusion as to whether an election has or has not been made, the Secretary by regulation requires an election by a shareholder to come within the non-recognition benefits of § 333 to be made and filed in a certain manner if the gain on liquidation is to be taxed thereunder. This is a reasonable requirement. If reasonable and consistent with statute, regulations are binding and should be given effect by the Courts, United States v. Correll, 1967, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537; Commissioner of Internal Revenue v. Acker, 1959, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed. 2d 127; Commissioner of Internal Revenue v. South Texas Lumber Company, 1948, 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831; Maryland Casualty Company v. United States, 1919, 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297; Estate of Willet v. Commissioner of Internal Revenue, 5 Cir., 1966, 365 F.2d 760; Citizens National Bank of Waco v. United States, 5 Cir., 1969, 417 F.2d 675, 679.

■ Secondly, appellant argues that *reasonable cause* existed for the non-filing of his elections to be taxed under § 333 (Form 964) since he sought the advice of a representative of the Internal Revenue Service and a Certified Public Accountant and was not advised by either of them of the requirement to file Form 964.

As to whether there was a proper assessment and collection of a tax deficiency with interest for delay, the *reasonable cause* argument or defense is inapplicable to such determination. *Reasonable cause* is a statutory defense to the imposition by the Commissioner of penalties under the revenue laws, and is not applicable to those situations involving assessments for tax deficiencies. 26 U.S.C. §§ 6651 and 6652, Internal Revenue Code of 1954.

Here we have the assessment of a deficiency in tax and its collection with interest for delay. The assessment of the tax deficiency by the Commissioner on the appellant resulted from an innocent error by appellant despite the exercise

of reasonable care. Such innocent error by appellant despite the exercise of reasonable care did not call for or result in the imposition of a penalty, and therefore the *reasonable cause* argument offers no aid to appellant in his contention that the District Court's decision should be reversed.

■ Regardless of the strong moral implications, it is well established that the Government is not bound by the unauthorized or incorrect statements of its agents. Federal Crop Insurance Corporation v. Merrill, 1947, 332 U.S. 380, 384, 68 S.Ct. 1, 92 L.Ed. 10; Utah Power and Light Company v. United States, 1917, 243 U.S. 389, 409, 37 S.Ct. 387, 61 L.Ed. 791; Bay Sound Transportation Company v. United States, 5 Cir., 1969, 410 F.2d 505, 510.

Thirdly, appellant argues that since Form 966 and the corporations' final income tax returns were timely filed by each corporation, the Internal Revenue Service was put on notice of his election under § 333. As such, he alleges that he has substantially complied with the requirements of § 333 and is therefore entitled to its non-recognition benefits. This same argument was raised by the taxpayer in Lambert v. Commissioner, P–H Memo T.C. par. 63,296 (1963), affirmed per curiam, 338 F.2d 4 (2 Cir. 1964), and was rejected as unmeritorious. For an effective election under § 333, the shareholder's election is required to be made on Form 964 pursuant to § 333 (d) and Federal Tax Regulation 1.333–3 and relates not to the corporations' but to the particular shareholders' individual consent to have any gain realized on liquidation treated in the manner prescribed by § 333. However, such Forms 966 as sent in the immediate case were sent on behalf of the corporations pursuant to § 6043 rather than on behalf of any of their shareholders under § 333,

and they did not purport in their contents to be an election concerning the manner in which any particular shareholders would treat gains realized on the liquidation of the corporations.

The main question presented by this appeal is:

Did the District Court err in holding that the appellants forfeited the non-recognition benefits of the one month corporate liquidation provisions of § 333 of the Internal Revenue Code of 1954 where they did not file Form 964, but otherwise substantially complied with § 333 of the Internal Revenue Code and the Regulations prescribed pursuant to such section?

Section 333(d) expressly provides that written elections to have the non-recognition benefits of § 333 must be made and filed within thirty days after the date of the adoption of the plan of liquidation *in such manner as to be not in contravention of the regulations prescribed by the Secretary or his delegate.* The regulations, duly prescribed under this section, provide that *an election to be governed by § 333 shall be made on Form 964.* Federal Tax Regulation 1.333–3.

Appellant did not within thirty days after the date of the adoption of the plan of liquidation file Form 964 advising the District Director of his election to be taxed under § 333 of the 1954 Code on the distributions received in liquidation of those corporations.

The collection of taxes required by law cannot be defeated by the mistakes of employees. The law and the regulations must govern, else chaos could, or would, often result.

The judgment of the District Court must be, and is

Affirmed.